IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLAND, | No. CIV S-10-2110-GEB-CMK |
| Plaintiff, | |
| vs. | ORDER |
| TD AMERITRADE, INC., | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is Plaintiff's motion for recusal of the undersigned in these proceedings (Doc. 26). A hearing on Plaintiff's motion was held December 15, 2010. Defense counsel, Lois Rosenbaum, appeared telephonically. Plaintiff did not appear at the hearing.

In his motion, Plaintiff argues the undersigned should be recused from this case based on prior rulings and proceedings before the undersigned. Plaintiff, however, failed to file any affidavit supporting the basis for his motion. Rather, his motion simply states he is requesting "Magistrate Kellison be recused from this case as Plaintiff has [] both a decision on appeal from Magistrate Kellison, along with a formal judicial complaint stemming from that case with the 9th Circuit Court of Appeals in San Francisco, CA, Judicial Complaint #09-90162." The motion is insufficient to meet the filing requirements of 28 U.S.C. § 144, which requires a moving party to file a sufficient affidavit setting forth the basis for the alleged bias or prejudice. The basis set forth in the motion references an adverse decision and a judicial misconduct

1  complaint.[1]  However, plaintiff fails to make any factual allegations supporting a claim of any
2  actual prejudice or bias.  Thus, plaintiff's motion is insufficient.
3        Furthermore, a motion for recusal ordinarily may not be based on "prior rulings in
4  the proceeding, or any proceeding, solely because they were adverse."  Clemens v. United States
5  District Court for the Central District of California, 428 F.3d 1175, 1178-79 (9th Cir. 2005).
6  When no extrajudicial source is involved, judicial rulings may serve as the basis for
7  disqualification only "in the rarest of circumstances" where they "evidence the degree of
8  favoritism or antagonism" which would "make fair judgment impossible."  Liteky v. United
9  States, 510 U.S. 540, 555 (1994).  Indeed, an opinion formed following submission of evidence
10 during the course of a bench trial, or other proceeding, does not form the basis for recusal since
11 the "knowledge and the opinion it produced were properly and necessarily acquired in the course
12 of the proceedings."  Id. at 550-51.  "Also not subject to deprecatory characterization as 'bias' or
13 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."
14 Id. at 551.  Thus, the basis for plaintiff's motion, an unfavorable decision rendered in a prior
15 proceeding, is an insufficient basis for finding bias.
16       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal is
17 DENIED.  This matter will proceed with the hearing on the pending motion to dismiss, currently
18 set for December 20, 2010, at 1:00 p.m.

20  DATED:  December 15, 2010

                                      */s/ Craig M. Kellison*
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1]  Additionally, prior to the filing of the instant motion, the Ninth Circuit issued an opinion dismissing plaintiff's judicial misconduct complaint, finding the charges without foundation.  See Order, In re Complaint of Judicial Misconduct, No. 09-90162 (9th Cir. Jud. Council filed Oct. 14, 2010).