IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLAND, | No. CIV S-10-2110-GEB-CMK |
| Plaintiff, | |
| vs. | ORDER |
| TD AMERITRADE, INC., | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's motion for default judgment (Doc. 13) and plaintiff's motion for electronic filing privileges (Doc. 14).

      Plaintiff filed this action in the Superior Court of Siskiyou County on or about July 6, 2010. Defendant acknowledges it was served on or about July 8, 2010.[1] Defendant filed a notice of removal on August 5, 2010, removing the action to this court. Defendant's response to the complaint was therefore due on or before August 12, 2010. See Fed. R. Civ. Proc. 81(c).

---

[1] Defendant's notice of removal actually indicates it was served on July 8, 2008. The court assumes that is a simple typographical error, and it was actually served in 2010, as indicated in the supporting affidavit.

1

1  On August 11, 2010, defendant filed a motion for an extension of time to respond to the
2  complaint, which was granted, extending the time in which a response was due to August 27,
3  2010 (Doc. 11).  Defendant's motion for additional time was filed prior to plaintiff's motion for
4  default judgment.  Defendant then filed a motion to dismiss on August 27, 2010, which was
5  timely filed.

6  A defendant is not in "default" unless he "has failed to plead or otherwise defend,
7  and that failure is shown by affidavit or otherwise."  Fed. R. Civ. Proc. 55(a).  A party generally
8  has at least seven days after the notice of removal is filed to file a responsive pleading.  See Fed.
9  R. Civ. Proc. 81(c).  Following the grant of defendant's request for additional time to respond to
10 the complaint, the motion to dismiss filed herein was timely filed.  As a response to the
11 complaint was timely filed, there is no basis for entering a default judgment.  See Fed. R. Civ.
12 Proc. 55.  Plaintiff's motion for default will be denied.

13 Additionally, plaintiff has requested the privilege of utilizing electronic filing.
14 Local Rule 133 sets forth the use of the court's electronic case management and filing.  Rule 133
15 requires all attorney to utilize the electronic filing system, but excepts pro se parties from
16 utilizing electronic filing except with the permission of the assigned Judge or Magistrate Judge.
17 It further requires all pro se parties to file and serve paper documents as required by the Federal
18 Rules of Civil Procedure.

19 In his motion, plaintiff states that he has no history of abusing any court's
20 electronic or manual filing system, and is being prejudiced by delayed access and costs
21 associated with manual filings.  His conclusory statements that he is being prejudiced do not
22 justify allowing access to electronic filing.  He fails to explain how he is being so prejudiced.
23 The local rules exempt pro se parties from electronic filing for good reason, and plaintiff fails to
24 provide sufficient justification for allowing such access.  However, if plaintiff wishes to submit
25 to electronic service, the court can provide service of all filings electronically, via e-mail, rather
26 than by service by mail.  If plaintiff decides to accept electronic service, he will no longer receive

any notices by mail and all notices will be sent by e-mail.  This will not allow plaintiff to submit his filings electronically to the court.  All pro se filings must be submitted to the clerk's office in Sacramento.  Agreeing to accept electronic service would only provide him service of filings electronically, not full access to Pacer, and he would cease receiving service of any document by mail.  This may, however, provide him faster service of all filings.  If plaintiff wishes to submit to electronic service, he may notify the court and defendant in writing providing his e-mail address to the Clerk of the Court at 501 I Street, Sacramento, California 95814.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (Doc. 13) is denied; and
2. Plaintiff's motion for electronic filing privileges (Doc. 14) is denied.

DATED:  December 15, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE