IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLAND, | No. CIV S-10-2110-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TD AMERITRADE, INC., | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendant's motion to dismiss (Doc. 50). A hearing on the motion was held on June 23, 2011, before the undersigned in Redding, California. Also pending before the court is plaintiff's motion for factual findings (Doc. 58).

**I.  BACKGROUND**

Plaintiff originally filed this action in the Siskiyou County Superior Court. Defendants removed the case to this court on the basis of federal question and diversity jurisdiction. Defendant's motion to dismiss plaintiff's original complaint was granted, but plaintiff was given leave to amend as to two claims: fraud and violation of California's consumers legal remedies act (CLRA). His amended complaint was filed April 15, 2011, alleging fraud and CLRA violations, and adding a new claim of strict product liability. Plaintiff is challenging the treatment he received from defendants through his investment self-directed account (SDA).

## II.   MOTION TO DISMISS

### A.   Motion

Defendant brings this motion to dismiss on the grounds that the amended complaint fails to cure the defects identified in plaintiff's claims, and that plaintiff added a new claim without seeking leave of court, which is also deficient. Defendant argues the amended complaint lacks sufficient facts to support plaintiff's claim of fraud and violations of CLRA, and that he fails to meet the heightened pleading standards required.

In opposition, plaintiff argues his case is in the public's interest and should not be dismissed, comparing defendant's "self directed" investing business to medical doctors practicing "self directed" medicine. Instead of offering additional facts to support his claims, he argues the whole investment system is set up to perpetuate a fraud on the public. He also sets forth that he is a lay person, and the court therefore needs to read his complaint broadly, and in the light most favorable to him.

### B.   Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

1  did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

2  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

C. Discussion

Plaintiff's claims include fraud, violation of CLRA and strict products liability. Plaintiff was given leave of court to amend his complaint to state a claim for the first two claims; the third was added without seeking leave of court or stipulation from defendant.

1. Fraud:

In his amended complaint, plaintiff alleges that the defendant knew of and deliberately hid the inherent risks to plaintiff of using the internet trading program. He claims defendant's business encouraged frequent trading, which exposed plaintiff to greater risk and harm, and did so to maximize its own profits. Due to these hidden risks, plaintiff lost all capital deposited with defendant on three occasions. While plaintiff was losing money, defendants did nothing to intervene or otherwise assist plaintiff from ongoing harm. He states "To have such harm happen on multiple occasions - with not only 'zero intervention' by Defendant to prevent/mitigate further harm, but where the 'zero intervention' is deliberate and part of their hidden scheme - is fraud as Defendant again deliberately omitted disclosing the known, inherent statistical risk and purpose of their 'zero supervision' scheme that did not allow and facilitate catastrophic harm to Plaintiff." (Am. Compl., Doc. 49, at 12-13). In general, the basis of plaintiff's fraud claim appears to be defendants' failure to advise, and the defendant's deliberate omission as to the inherent risks of security trading.

Defendant argues, as in relation to plaintiff's original complaint, that plaintiff's allegations of fraud are vague and conclusory and therefore insufficient to state a plausible claim. In addition, they fail to meet the heightened pleading requirements of Rule 9(b). Defendant also argues that the amended complaint did not cure the defects the court previously identified and that the amended complaint suffers from the same defects as the original.

As discussed in the undersigned's prior findings and recommendations, the elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996). In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set

>forth an explanation as to why the statement or omission complained of was false or misleading. . . .  In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

      Here, plaintiff's claims continue to be vague, and stated without specificity. Plaintiff's amended complaint fails to provide the necessary additional specific facts.  There is no mention of when any of the allegedly misleading events occurred, nor does he explain how defendant's advertisement was misleading.  There are no specifics plead as to what defendants said or did not say, nor what was advertised to induce plaintiff into entering in to a contract.  As defendant argues, the contract specifically outlines what services are provided, and the inherent risks involved.[1]  Plaintiff is essentially arguing that defendant had a duty to protect him from losses in trading securities, somehow guaranteeing plaintiff would not lose money.   It is clear from plaintiff's amended complaint that he knew he was entering into a self-directed account contract, but expected ("assumed") he would receive a higher level of service.  Plaintiff's failure to read and understand the contract he assented to cannot form the basis of a claim of fraud.  It appears that the basis of plaintiff's claim arises from his belief that defendants should have protected him from his own investment decisions.

      Plaintiff further claims that the defendant failed to act in a professional manner, even though it holds itself out as a professional.  Plaintiff therefore believes defendant had a duty

---

[1] Defendant requests that the court take judicial notice of the contract, which is provided by counsel.  The amended complaint references such contract, but a copy is not attached to the complaint.  The contract is properly before the court to consider in relation to a motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

to protect him. To the extent plaintiff alleges fraud by omission, such a claim requires an allegation that the defendant was under a duty to disclose the allegedly omitted information. See Cal. Civ. Code § 1710(3). Except a duty to act professionally, plaintiff fails to allege the basis of any duty defendant had toward plaintiff. Plaintiff's desire for defendant "to act professionally" for the benefit of society may be a nice social goal, but it is not the type of duty on which to base liability for failure to disclose information.

Plaintiff was provided an opportunity to plead facts to support his claim that he was induced into entering into a misleading contract, wherein the defendants misrepresented what he was paying for. He has failed to do so in his amended complaint. Plaintiff's amended complaint fails to plead with sufficient specificity the facts supporting his claim of fraud. After he was instructed as to what was required to state a claim for fraud, and he was provided an opportunity to amend his complaint, it now appears that he is either unable or unwilling to plead with sufficient particularity to support such a claim. The motion to dismiss should thus be granted, without further leave to amend.

2. California's Consumers Legal Remedies Act (CLRA):

The Consumer Legal Remedies Act (CLRA) proscribes 24 specific "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770. Plaintiff sets forth three specific sections of the CLRA he claims defendant violated. Specifically, he claims defendants violated §§ 1770(a)(5), (14), and (19). As to § 1770(a)(5), plaintiff alleges that the good and services provided by defendant are harmful to clients. The goods and services provided are the securities and brokerage services. He claims defendants failed to put into place any safeguards to protect clients from harm. Next he claims defendants violated § 1770(a)(14) by hiding or omitting its advantage over its clients'. Plaintiff states that by signing up with defendant, he reasonably assumed defendant would have a duty to protect him against loss, and it should have set up safeguards to protect its clients.

Finally, as to § 1770(a)(19), plaintiff claims defendant's products and services are inherently flawed by inserting into the contract an arbitration clause meant to hide its wrongdoing from judicial scrutiny.

Defendant argues none of these allegations can support a claim under CLRA. Supported by the court's prior decision, defendant argues plaintiff cannot state a claim regarding the "goods" defendant provides as they are not "tangible chattels," and that he fails to state sufficient facts to support a claim regarding the services provided. Defendant also argues that plaintiff fails to identify any false representation made, but rather tries to allege a violation based on plaintiff's own "assumption" about the duties of defendant. Finally, defendant argues that there is no basis for plaintiff's assertion that the arbitration clause is unconscionable.

"The CLRA was enacted 'to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.'" McKell v. Washington Mut., Inc., 49 Cal. Rptr. 3d 227, 253 (Cal. Ct. App. 2006) (quoting Cal. Civ. Code § 1760). The CLRA makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). "Goods" are defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes." Cal. Civ. Code § 1761(a). "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b).

The court already determined that plaintiff cannot state a claim regarding the "goods" provided by defendants, as they are not tangible chattels. The court only allowed plaintiff leave to amend in order to attempt to state a claim regarding the services defendant provided. Thus, to the extent plaintiff continues to attempt a claim regarding the "goods" such a claim is insufficient.

/ / /

As to the services provided, the court previously determined that it was questionable whether the "services" plaintiff complains of are considered "services" under the CLRA. The California Supreme Court has held that life insurance is a contract of indemnity, which is not a tangible chattel or service as defined in the CLRA. See Fairbanks v. Superior Court, 205 P.3d 201, 282 (Cal. 2009). "California's Consumers Legal Remedies Act . . does not apply to intangible property or goods, and . . . it contains a restrictive definition of 'services'." Id. at 284. Mortgage loan transactions and issuance of credit have similarly been found not to involve goods or services, and therefore do not fall within the scope of the CLRA. See Consumer Solutions REO, LCC v. Hillery, 658 F. Supp. 2d 1002 (N.D. Cal. 2009); Berry v. American Exp. Publishing, Inc., 54 Cal. Rptr. 3d 91 (Cal. Ct. App. 2007); but see Hernandez v. Hilltop Financial Mortg., Inc., 622 F. Supp. 2d 842 (N.D. Cal 2007) (finding services went beyond merely providing loan).

To the extend the CLRA may be applicable to the services defendant provides, the undersigned finds plaintiff fails to state a claim. Plaintiff claims the defendant failed to put into place any safeguards to protect clients, and states that defendant had such a duty. He does not, however, identify the basis of such a duty, and the court has already found the defendant did not owe a duty to plaintiff such as would support a negligence claim. As defendant owes plaintiff no such duty, it cannot form the basis of a CLRA claim. To the extent plaintiff "assumed" defendant had a duty to protect him from any loss associated with his investments, such an assumption of duty is not plausible. As to plaintiff's assertion that defendants violated the CLRA by inserting an arbitration clause into the contract, such a claim is also not plausible, and plaintiff fails to provide any support for such a claim. The undersigned finds defendant's argument that plaintiff fails to allege any fact or provision of the arbitration clause that would support a claim of unconscionability persuasive. The undersigned therefore finds the motion to dismiss should be granted.

///

### 3. Strict Product Liability

Plaintiff's final claim in his amended complaint, which he was not given leave to add, is that defendants knew, or should have known, that their product, when used as intended, was statistically harmful to plaintiff. Defendants argue this claim should be dismissed because the court did not give leave to add such a claim, and leave was required under Federal Rule of Civil Procedure 15(a)(2). Regardless of whether leave was required under Rule 15(a)(2), or plaintiff was allowed to add such a claim under Rule 15(a)(1), such a claim cannot stand.

The "product" at issue in this case is an intangible "good" and service, and the loss at issue is solely financial. Strict products liability, under California law, applies only to products not services. See Pierson v. Sharp Memorial Hosp., Inc., 264 Cal. Rptr. 673. 675-76 (Cal. App. 1989) ("In light of the infinite subtle nuances of human performance, the law reasonably imposes only a standard of negligence rather than strict liability in the provision of human services."). Therefore, to the extent plaintiff is claiming strict liability on the services defendant provided, such a claim cannot lie. To the extent plaintiff is claiming strict liability on the product provided, the securities transaction, such a claim similarly cannot lie as it does not relate to a tangible product. See e.g., Shepard v. Alexian Bros. Hosp., 109 Cal. Rptr. 132 (Cal. App. 1973), Greenman v. Yubas Power Products, Inc., 27 Cal. Rptr. 697 (Cal. 1963) (holding manufacturers strictly liable for knowingly placing defective products on the market). Here, there are no defective tangible products at issue. In fact, plaintiff's claims relate more to services than products, which would give rise to a negligence claim, if any, not strict liability. Further, the court previously decided defendant owed no duty to plaintiff to support a negligence claim.

Finally, plaintiff is only claiming a financial injury, not an injury to his person or his property. As such, he is unable to state a claim for strict liability. See Seely v. White Motor Co., 45 Cal. Rptr. 17 (Cal. 1965), Jimenez v. Superior Court, 127 Cal. Rptr. 2d 614 (Cal. 2002) ("[R]ecovery under the doctrine of strict liability is limited solely to physical harm to person or property."). Plaintiff's assertion that he suffered emotional harm in the form of humiliation and

ridicule is insufficient. Accordingly, the motion to dismiss the strict product liability claim should be granted.

### III. CONCLUSION

Plaintiff's amended complaint remains full of conclusory statements, and lacks factual support for his claims. He failed to heed the court's prior warning that he must plead fraud with particularity. He fails to cure the defects in his claims, for which he was provided specific information. As he was provided an opportunity to amend once, and has been unable to meet the pleading standard, no further leave to amend should be granted.

As for plaintiff's motion for factual findings (Doc. 58), that motion should be granted to the extent these findings and recommendations set forth a reasoned opinion as to why defendant's motion to dismiss should be granted.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 50) be granted without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE